

Signed and Filed: March 27, 2013

**THOMAS E. CARLSON U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 11-32144 TEC |
| CHIEN HWA LEACHMAN, | ) Chapter 7 |
| aka CHIEN HWA WANG, | ) |
| aka CHIEN HWA WANG-LEACHMAN, | ) |
| Debtor. | ) |

**MEMORANDUM DECISION RE MOTION TO ABANDON MALPRACTICE CLAIM**

On March 22, 2013, the court held a hearing on Trustee's motion to abandon a potential malpractice claim that Debtor may have against her family law attorney. Dennis D. Davis appeared for Trustee. Arthur Brunwasser, the sole remaining creditor in this chapter 7 case, appeared in opposition to the motion. Upon due consideration, and for the reasons stated below, I determine that Trustee's motion to abandon should be granted.

**FACTS**

Debtor filed a chapter 7 petition in this court on June 2, 2011. Among her creditors was Arthur Brunwasser, an attorney who had represented her in a hotly contested marital dissolution action. Brunwasser filed a proof of claim for unpaid fees in the

MEMORANDUM DECISION RE MOTION
TO ABANDON MALPRACTICE CLAIM     -1-

amount of $530,285.  Brunwasser also filed an adversary proceeding seeking to have his claim determined to be non-dischargeable.  The court ruled in favor of Debtor in that adversary proceeding and entered Debtor's discharge on April 18, 2012.  Neither Debtor nor Trustee objected to the proof of claim filed by Brunwasser.

After liquidation of all scheduled non-exempt assets, Trustee was able to pay all claims in full, except several hundred thousand dollars still owed Brunwasser.  Brunwasser asserted that the estate had a valuable malpractice claim (the Malpractice Claim) against Michelle Harris and the Stoltz Family Law Practice (Harris), the attorneys who succeeded Brunwasser as counsel for Debtor in the marital dissolution action.

The potential Malpractice Claim grows out of the following circumstances.  Debtor was involved in a bitter child-custody dispute with her former husband.  The state family court determined that Debtor had engaged in improper tactics that increased the cost of litigation.  The family court awarded the former husband attorneys fees in the amount of $150,000 under California Family Code section 271, which authorizes a fee award against a party that frustrates the policy of the law to favor settlement.  Brunwasser had represented Debtor during the period in which Debtor committed the acts in question.  Brunwasser contends that Harris, who succeeded him as counsel for Debtor in the family law case, committed malpractice: (a) by failing properly to defend against the former husband's fee motion; (b) by failing to file a counter-motion for fees against the former husband; and (c) by stipulating that certain fees collected by the former husband after the couple had separated were his separate property.

Brunwasser urged Trustee to prosecute the Malpractice Claim on behalf of the estate. Trustee declined to do so, and instead filed a motion to abandon the Malpractice Claim to Debtor, on the basis that the Claim lacked merit and was therefore of inconsequential value to the estate. 11 U.S.C. § 554(a).

Noting that Brunwasser was the sole remaining creditor of the estate, that the court should give substantial weight to the wishes of creditors concerning the administration of the estate, and that under California law the Malpractice Claim could be asserted only by the Debtor or Debtor's estate, the court denied the motion to abandon and instead entered an order appointing Brunwasser to prosecute the Malpractice Claim on behalf of the estate. The order appointed Brunwasser as a agent of the estate, authorized him to assert the Malpractice Claim on behalf of the estate, directed him to pay any recovery to the estate, and required him to indemnify the estate for any liability resulting from the prosecution of the Malpractice Claim.

Brunwasser, represented by attorney Robert Ingram, filed an action in the United States District Court asserting the Malpractice Claim on behalf of the bankruptcy estate. Defendant Harris filed a motion to dismiss, asserting that the Malpractice Claim could be asserted only by Trustee, and that this court has acted improperly in authorizing Brunwasser to assert that claim on behalf of the estate. The District Court agreed and ordered that the action be dismissed unless Trustee was substituted as Plaintiff within 60 days.

Following the decision by the District Court, Trustee renewed her motion to abandon the Malpractice Claim to Debtor, and

Brunwasser asked this court to deny the motion to abandon and to order Trustee to prosecute the Malpractice Claim.

**DISCUSSION**

In determining whether Trustee should be permitted to abandon property of the estate, this court applies the following test. "[A]bandonment is proper only when the party seeking abandonment can establish that the property at issue is burdensome or of inconsequential value and benefit to the estate. When the trustee requests ... abandonment, the court must 'focus ... upon the reasons underlying the trustee's determination and affirm a decision which reflects a business judgment made in good faith, upon a reasonable basis and within the scope of his authority under the Code.'" In re Sullivan & Lodge, 2003 WL 22037724 * 4 (N.D. Cal. 2003)(citations omitted).

I find that Trustee's decision to abandon the Malpractice Claim was made in good faith after a reasonable investigation. In making this finding of fact, I make and rely upon the following subsidiary findings of fact.

(1) Trustee interviewed Robert Ingram, counsel prosecuting the Malpractice Claim in the District Court, and discussed with him the basis for the claim.

(2) Trustee caused her counsel to investigate the merits of the Malpractice Claim by (a) discussing the claim with Debtor and Debtor's bankruptcy counsel, (b) reviewing all of the written materials submitted to Trustee by Mr. Brunwasser, (c) interviewing Mr. Brunwasser, and (d) interviewing Mr. Ingram.

I find that Trustee's determination that the Malpractice Claim was of inconsequential value to the estate was a reasonable

exercise of business judgment.  In making this finding of fact, I make and rely upon the following subsidiary findings of fact.

(1) Debtor does not believe that the Malpractice Claim has merit.  Trustee acted reasonably in concluding that it would be difficult to prosecute the Malpractice Claim successfully without Debtor's cooperation.

(2) A review of the record indicates that the state court considered very carefully all of the facts relevant to the award of fees against Debtor under Family Code section 271, and that the state court had little doubt that it was Debtor and her then-attorney Brunwasser who engaged in the improper tactics that increased the cost of litigation.  Against this backdrop, Trustee acted reasonably in concluding that it would be very difficult to prove that Debtor was harmed by Harris's failure to seek fees against the former husband under section 271, or that a more aggressive defense against the former husband's motion for fees would have made any difference.

(3) A review of the record indicates that it was ambiguous whether the "recycling fees" received from Micron were earned by the Husband before or after the couple separated in 2006.  The Husband testified in the state court that he did work for Micron from February 2005 through February 2009, and that the payment he received in January 2009 was "earned during – based on performance in 2008."  Brunwasser acknowledges that the state court ruled sua sponte that the fees were the Husband's separate property.  Against this backdrop, Trustee acted reasonably in concluding that it would be difficult to prove that Debtor was damaged by Harris's later stipulation that the fees were Husband's separate property.

The court is cognizant that Mr. Brunwasser is the sole remaining creditor of the estate, and that this court has a duty to take into account the wishes of creditors in determining how the assets of the estate are to be administered. But the credibility of Brunwasser's assertion that the Malpractice Claim has value is undercut by his behavior. He has threatened to sue Debtor and Trustee if they do not take the actions he wishes them to take in this case. It is also worthy of note that Brunwasser was counsel for Debtor for most of the period in which Debtor engaged in the litigation tactics that the state court found to be unreasonable. It appears to this court that Mr. Brunwasser is one of those attorneys who finds it hard to understand that the position of the opposing party has any merit. For this reason, the fact that Mr. Brunwasser does not agree with the Trustee's decision to abandon the Malpractice Claim does not carry the same weight it might otherwise have.

This court thinks it appropriate to remind Brunwasser that Trustee and her court-appointed professionals, as officers of this court, cannot be sued in another forum for acts done in their official capacity without permission of this court. See Harris v. Wittman (In re Harris), 590 F.3d 730, 741-42 (9th Cir. 2009). Trustee and her court-appointed professionals are also "entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." Id. at 742-43 (citations omitted).

This court also reminds Brunwasser that his pre-petition claim against Debtor has been discharged, and that he cannot sue Debtor on account of that claim. See 11 U.S.C. § 524(a)(2). Brunwasser

also cannot sue Debtor for any action she takes with respect to the Malpractice Claim once it is abandoned to her, because Debtor receives that claim free and clear of any claim of Brunwasser. Debtor has no obligation to pursue that claim, and is entitled to keep any proceeds if she does.

**CONCLUSION**

Trustee's motion to abandon the Malpractice Claim is granted. Trustee need not file a joinder or substitute as Plaintiff in the District Court action. Debtor receives the Malpractice Claim free and clear of all claims of Brunwasser.

**\*\*END OF MEMORANDUM DECISION\*\***

## Court Service List

Chien Hwa Leachman
1361 26th Avenue
San Francisco, CA 94122


Law Offices of Robert B. Ingram
Attn: Robert B. Ingram, Esq
4340 Redwood Hwy. #352
P.O. Box 4074
San Rafael, CA 94913